UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALIGN TECHNOLOGIES, INC.**<br>**Plaintiff**<br><br>v.<br><br>**O.C. TANNER COMPANY, INC.,**<br>**Defendant** | **CASE NO.:**<br><br>**JUDGE:**<br><br>**MAGISTRATE JUDGE:**<br><br>**SECTION:** |

Plaintiff Align Technologies, Inc. ("Plaintiff") hereby brings this complaint for damages and injunctive relief against Defendant O.C. Tanner Company, Inc. ("Defendant"), and respectfully avers the following:

## INTRODUCTION

1. This is an action for federal service mark infringement, unfair competition, and false designation of origin under the Trademark Act of 1946, as amended [*The Lanham Act,* 15 U.S.C. § 1051 *et seq.*], as well as common law infringement and deceptive trade practices under Louisiana law, arising from the use, by Defendant, of the name and trademark ALIGN.

2. Plaintiff specializes in providing company goal tracking and communication software under its ALIGN trademark.

3. As a result of its innovation and marketing efforts over the past several years, Plaintiff has positioned itself as a market leader providing its software services to a national and international clientele.

4. Upon information and belief, Defendant is a global company based in Utah that has long focused on developing strategic employee recognition and reward solutions.

5. In 2019, in an effort to seemingly trade off of the goodwill established by Plaintiff, Defendant unveiled its new software under the name "Align," and promoted the software as a service tool focused on employee management and designed to aid managers into becoming leaders through communication and goal tracking.

6. The goodwill and reputation for quality that Plaintiff has worked so hard to cultivate has been threatened by Defendant's actions. Defendant has used and continues to use its identical ALIGN word mark to sell competing goods and services to the same market served by Plaintiff. Unless Defendant is enjoined from using the ALIGN mark, such use will continue to cause consumer confusion and will cause irreparable harm to Plaintiff.

7. This action seeks injunctive relief, damages and other appropriate relief arising from Defendant's ongoing and willful acts of trademark infringement and unfair competition.

## JURISDICTION AND VENUE

8. This is an action for trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

9. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the federal Lanham Act.

10. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

11. This Court has personal jurisdiction over Defendant. Defendant's acts of infringement of Plaintiff's ALIGN mark were committed in the Eastern District of Louisiana, within the jurisdiction of this Court. Defendant is a sophisticated company that markets and sells its products throughout the United States, including Louisiana. Prior to unveiling its product, Defendant retained the Utah based law firm of Kirkton McConkie to apply for a federal trademark

registration of the ALIGN name at the United States Patent and Trademark Office ("USPTO"). According to its website, Kirkton McConkie is "one of the largest Intellectual Property law firms in the Intermountain West" region of the United States. Considering Defendant's size and sophistication, as well as the law firm it retained to pursue its trademark rights in the "Align" name, Defendant must have known of Plaintiff's successful business located in this district and the notoriety its ALIGN trademark had achieved both locally and throughout the United States. Despite its prior knowledge, Defendant intentionally marketed and sold its infringing goods and services to customers in this district through its active website as well as other localized outlets, including, its subsidiary sales company registered to do business in Louisiana, O.C. Tanner Recognition Company. Defendant's contacts and conduct in Louisiana, and in this district, are tantamount to an approximate physical presence in this district such that it is reasonable and foreseeable that Defendant would be hailed into this Court.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as this Court has personal jurisdiction over the Defendant, and upon information and belief, Defendant has and continues to transact business in this district and a substantial part of the events giving rise to the Plaintiff's claims occurred and are continuing to occur in this district.

## THE PARTIES

13. Plaintiff is a corporation, organized under the laws of the State of Delaware, with its principal place of business in New Orleans, Louisiana.

14. Defendant is a corporation, organized under the laws of the State of Utah, with its principle place of business located in Salt Lake City, Utah, and its registered agent located at 1108 E South Union Avenue, Midvale Utah 84047.

## STATEMENT OF FACTS

15. Plaintiff, and its predecessor, have been consistently using the ALIGN word mark since 2012 in connection with its services, including its company goal tracking and communication software.

16. Over the past several years, Plaintiff has successfully marketed and sold its software service to thousands of companies, both nationally and internationally.

17. Plaintiff has consistently maintained an active website that contains information about each of its services. Indeed, a Google search using search terms "Align business," "Align software," "Align employee," "Align manager," or "Align meeting" all return Plaintiff's website as a top match.

18. Plaintiff has invested substantial time, money, and effort, in the development, enhancement, advertisement, promotion, and marketing of its goods and services under the ALIGN mark. As a result of these efforts, the goodwill built up under Plaintiff's ALIGN mark, and the consistent, high quality of goods and services rendered thereunder, makes the ALIGN mark a valuable asset to Plaintiff. Members of the public, and relevant consumers, have grown to recognize the ALIGN mark as being associated with Plaintiff's high caliber services in the field of company goal tracking and communication software.

19. At no time has Plaintiff licensed or otherwise authorized Defendant to use the ALIGN mark, or any confusingly similar mark, in connection with goods or services relating to the software services offered by the Plaintiff.

20. On January 11, 2019, without permission and without Plaintiff's knowledge, Defendant sought to register the ALIGN mark with the United States Patent and Trademark Office ("USPTO") in class 042 for services in the field of "providing temporary use of on-line non-

downloadable software for use in the facilitation of productive conversations, namely, software for facilitating productive conversations between managers and employees and featuring templates for creating conversation guides, meeting agendas and recognition history reports." The application states that Defendant first used the mark on February 1, 2019, more than five years after Plaintiff began using the ALIGN mark in commerce for similar services.

21. Defendant retained the Utah based law firm of Kirkton McConkie to file its trademark application for the ALIGN mark. According to its website, Kirkton McConkie is the largest law firm in Utah and the largest intellectual property law firm in the Intermountain West region of the United States.

22. Considering Plaintiff's online presence and commercial success in combination with Defendant's size and sophistication, and the reputable law firm representing its trademark interest, Defendant must have been aware of Plaintiff's ALIGN mark and the highly regarded services sold under its mark.

23. Defendant has and continues to advertise and promote its competing software services under the ALIGN trademark on its website https://www.octanner.com/products/leadership.html.

24. The "Align" designation used by Defendant for its employee management and communication software is identical in appearance, pronunciation, meaning, and commercial impression, to Plaintiff's ALIGN trademark.

25. The goods and services provided by Plaintiff and Defendant under their respective names and marks, as aforesaid, also are nearly identical; are marketed to the same class of business consumers; and, are advertised and promoted through the same channels of trade.

26. Upon information and belief, Defendant deliberately chose the ALIGN mark in order to trade on the goodwill, reputation and fame established by Plaintiff in its ALIGN mark and to unjustly enrich itself at the expense of Plaintiff. Upon information and belief, Defendant has willfully and intentionally sought to imply an association with Plaintiff in adopting its mark.

27. Defendant's adoption and continued use of the ALIGN name constitutes trademark infringement, unfair competition, and false designations of origin, under federal and state law.

28. Defendant's conduct has caused, and if allowed to continue, will continue to cause irreparable damage to Plaintiff's business, reputation, and goodwill for which Plaintiff has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under 15 U.S.C. § 1125(a))

29. Plaintiff repeats and reasserts the allegations set forth in Paragraphs 1 to 28 above, as if fully set forth herein.

30. This Count, arising under Section 43(a) of the *Lanham Act,* 15 U.S.C. § 1125(a), is for infringement of Plaintiff's trademark.

31. Plaintiff has and continues to offer company goal tracking and communication software services in commerce and throughout the United States under its ALIGN trademark since 2012.

32. Plaintiff's goods and services are sold and advertised on its active company website.

33. Plaintiff's ALIGN trademark covering services in the field of company goal tracking and communication software, and related fields, is a valid and protectable trademark.

34. Long after Plaintiff established its trademark rights in the ALIGN mark, Defendant adopted and has been using the same mark for its employee management and communication software and related services.

35. Defendant's use of such an identical mark for the same or similar services is likely to cause confusion, mistake, and/or deception as to the source of Defendant's services, in that the public, and others, are likely to believe that Defendant's services are provided by, sponsored by, approved by, licensed by, affiliated with, or in some other way legitimately connected to Plaintiff, all to Plaintiff's irreparable harm.

36. Defendant, by its above-enumerated acts, has violated and infringed Plaintiff's trademark rights in the ALIGN mark.

37. As a direct result of Defendant's infringing activities, and threatened continued infringement, Plaintiff has suffered, and will continue to suffer, damages in an amount presently unknown and to be ascertained at trial.

38. Said acts of infringement, and threatened continued infringement, will cause further irreparable injury to Plaintiff and the public unless enjoined by this Court, and Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**

**(Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a))**

39. Plaintiff repeats and reasserts the allegations set forth in Paragraphs 1 to 38 as if set forth fully herein.

40. This Count, arising under Section 43(a) of the *Lanham Act* [15 U.S.C. § 1125(a)], is for unfair competition and false designation of origin.

41. The ALIGN mark has become uniquely associated with Plaintiff and the services Plaintiff offers to the public.

42. Defendant's provision, sale, offering for sale, and advertising, of services which are highly related to those of Plaintiff, in connection with a trademark that is identical to Plaintiff's trademark, comprise unfair competition under 15 U.S.C. § 1125(a), through the passing off of Plaintiff's mark for that of Defendant's, in a manner that is false, misleading, and misrepresents the nature, characteristics, and qualities of Plaintiff's services.

43. Defendant's provision, sale, offering for sale, and advertising, of services which are highly-related to those of Plaintiff, in connection with a designation identical to Plaintiff's mark, comprise false designations of origin as to the services provided by Defendant, and constitute false and misleading representations, in violation of 15 U.S.C. § 1125(a).

44. As a direct and proximate result of Defendant's acts of unfair competition and false designation of origin, Plaintiff has suffered and will continue to suffer damages in an amount presently unknown, and to be determined at trial.

45. Said acts of unfair competition and false designations of origin will cause further irreparable injury to Plaintiff unless enjoined by this Court, and Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

**(Louisiana Common Law Trademark Infringement Pursuant to La. Rev. Stat. §51:222)**

46. Plaintiff repeats and reasserts the allegations set forth in Paragraphs 1 to 45 as if set forth fully herein.

47. The acts of Defendant constitute trademark infringement under the law of the State of Louisiana, La. Rev. Stat. §51:222.

48. Plaintiff's ALIGN mark is a valid common law mark.

49. Defendant's unauthorized use of the ALIGN mark is likely to cause confusion, mistake, or deceive the consuming public as to the source of Defendant's services.

50. Upon information and belief, Defendant deliberately appropriated the ALIGN mark with the intent to trade off the goodwill and reputation established by Plaintiff.

51. By reason of Defendant's conduct, Plaintiff has and will continue to suffer irreparable harm, and unless Defendant is enjoined from continuing its wrongful acts, the damage to Plaintiff will continue.

52. In addition to an injunction, Plaintiff is entitled to damages in an amount to be determined at trial. Plaintiff is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

## FOURTH CLAIM FOR RELIEF

**(Louisiana Unfair and Deceptive Trade Practice Act
Pursuant to La. Rev. Stat. §51:1405 , *et seq.*)**

53. Plaintiff repeats and reasserts the allegations set forth in Paragraphs 1 to 52 as if set forth fully herein.

54. Plaintiff alleges violation of the Louisiana Unfair Trade Practices Act, Louisiana Revised Statute §51:1405 and is seeking damages arising under §51:1405 and §51:1409.

55. Defendant has engaged in unfair and deceptive trade practices as evidence from the above-described actions which are in violation of La Rev.Stat §51:1405.

56. Upon information and belief, Defendant has intentionally and deliberately persisted in its unfair and deceptive acts and practices and unfair methods of competition with Plaintiff.

57. Plaintiff is entitled to profits, damages, and costs as provided by law including treble damages and attorney's fees in an amount to be determined at trial. Plaintiff is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

**WHEREFORE,** in consideration of the foregoing, Plaintiff respectfully prays for the following relief:

1. A judgment that Plaintiff's ALIGN trademark has been and continues to be infringed by Defendant in violation of 15 U.S.C. § 1125(a).

2. A judgment that Defendant's use of the ALIGN trademark constitutes federal unfair competition and false designation of origin under § 1125(a).

3. A judgment that Defendant's use of the ALIGN trademark violates Louisiana Unfair Trade Practices Act and constitutes common law trademark infringement and unfair competition under Louisiana law.

4. A permanent injunction enjoining and restraining Defendant, its officers, shareholders, directors, agents, servants, employees, attorneys, representatives, successors, assigns, parents, subsidiaries, related companies, and all other persons, firms, or corporations acting in concert with Defendant or in privity therewith, from the following:

   a. Using the ALIGN mark or any other name or mark confusingly similar to the ALIGN mark, or any reproduction, counterfeit, copy, or colorable limitation thereof, alone, or in connection with other words, names, styles, titles, logos, artwork, or designs, as service marks, trademarks, trade names, assumed business names, or otherwise, in connection with Defendant's services or goods relating to company goal tracking and communication software, or the marketing advertising, promotion, or identification of same;

    b. Representing to be the owners of, entitled to, or otherwise authorized to use the ALIGN mark, or any mark confusingly similar thereto, in connection with any service or product relating to company goal tracking and communication software.

    c. Applying said ALIGN name or mark, or any such reproduction, counterfeit, copy, or colorable limitation thereof, to any document or thing, including to any business card, label, sign, Web site, domain name, or advertisement, in any medium, used in connection with Defendant's services or goods relating to company goal tracking and communication software;

    d. Performing any actions, or using any words, names, styles, titles, logos, or marks, which are likely to cause confusion, or mistake, or to deceive, or to otherwise mislead the trade or the public into believing that Defendant and Plaintiff are in some way connected, affiliated, or associated with one another; that Plaintiff sponsors, supervises, or controls Defendant; or that Defendant's services originate with Plaintiff, or are offered with the approval, consent, authorization or under the supervision of Plaintiff; and

    e. Otherwise competing unfairly with Plaintiff in any manner;

5. A Judgment ordering Defendant to pay for and pay over to Plaintiff, any and all gains, profits, and advantages derived by Defendant's use of the ALIGN mark.

6. A Judgment awarding Plaintiff all compensatory damages for injuries sustained in consequence of the acts complained of herein, and that such damages be trebled, under 15 U.S.C. § 1117(a)(3), as a result of the willful acts described herein.

7. A Judgment declaring this case an "exceptional case" under 15 U.S.C. § 1117(a)(3), and awarding Plaintiff all of Plaintiff's litigations expenses, including reasonable attorneys' fees and the costs of this action;

8. A Judgment ordering Defendant to deliver up for destruction all signage, goods, packaging, containers, stationary, advertisements, brochures, promotional materials, and all other materials of any kind bearing the ALIGN mark, or any other name, mark, or design, confusingly similar to the ALIGN mark, together with all plates, molds, matrices and materials used for making or reproducing same; and,

9. All other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant. Fed. R. Civ. P. 38, Plaintiff demands a trial by jury of all issues triable of right to a jury and raised in the pleadings in this action.

Dated: October 1, 2020

Respectfully submitted,

/s/ *Stephen Kepper*
Stephen M. Kepper, LA Bar No. 34618
Gregory D. Latham, LA Bar No. 25955
INTELLECTUAL PROPERTY CONSULTING, LLC
334 Carondelet Street, Suite B
New Orleans, LA 70130
Telephone: (504) 322-7166
Facsimile: (504) 322-7184
skepper@iplawconsulting.com
glatham@iplawconsulting.com

*Attorneys for Align Technologies, Inc.*